# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GEORGE VICTOR STOKES, | ) |
| Plaintiff, pro se, | ) |
| v. | ) **MEMORANDUM OPINION,** |
| | ) **ORDER, AND RECOMMENDATION** |
| WATSON WRECKER SERVICE, | ) |
| | ) 1:10CV284 |
| Defendant. | ) |

This matter is before the court for a review of Plaintiff's application to proceed *in forma pauperis* (IFP). For the reasons set out below, the IFP application will be granted for the limited purpose of entering this order and recommendation, the clerk will be directed to file the complaint, and it will be recommended that the complaint be dismissed.

**I. Factual Background and Procedural History**

On April 8, 2010, Plaintiff filed a request to proceed *in forma pauperis* concurrently with his complaint seeking relief pursuant to 42 U.S.C. § 1983, the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article I section 19 of the North Carolina Constitution. Compl. at 2-3 (docket no. 2). In December 2008, Plaintiff was arrested and charged with multiple traffic violations

and a misdemeanor offense. *Id.* at 2. His vehicle was impounded by the Rockingham City Police Department. *Id.* Defendant Watson Wrecker Service ("WWS") was responsible for the towing and impounding of Plaintiff's car. *Id.*

On January 29, 2009, all charges related to the impoundment were dismissed. *Id.* On the same day, the Plaintiff went to WWS to retrieve his vehicle and was told that he would need to pay $4,000 in storage fees in order to recover the vehicle. *Id.* On January 28, 2010, a District Court Judge granted Plaintiff's motion to recover seized property. *Id.* The order provided that the vehicle be returned to Plaintiff upon payment of a $75 storage fee. *Id.* On the same day, Plaintiff went to WWS with the order and $75 to retrieve his vehicle. *Id.* at 3. Plaintiff alleged that WWS informed Plaintiff that WWS no longer had possession of the vehicle. *Id.* Plaintiff also alleged that WWS claimed to believe that Plaintiff had sold the vehicle to WWS. *Id.*

On April 15, 2010, this court issued an order requiring Plaintiff to particularize his complaint to show how this court had federal jurisdiction over his complaint. (docket no. 5). Plaintiff filed a Particularized Pleading on April 26, 2010, claiming that this court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1334(a), 42 U.S.C. §§ 1983, 1985, 1988, 18 U.S.C. §§ 1341, 1511, 28 U.S.C.A. § 1391(b)(1)(2) and (c), and under Rule 18(a) of the Federal Rules of Civil Procedure. (docket no. 6). Plaintiff alleged that WWS was acting under color of state law for the purposes of 42 U.S.C. § 1983 because it was "jointly engaged with the Rockingham [City Police

Department]." (*Id.* at 1). Plaintiff filed a Continuation of Particularized Pleading on April 29, 2010. This continuation alleged (1) a violation of his constitutional rights under 42 U.S.C. § 1983; (2) a conspiracy to violate civil rights; and (3) intentional infliction of emotional distress. (docket no. 7 at 4-5). Plaintiff further alleged that WWS "engaged in unreasonable deprivation" of Plaintiff's property under Article I, section 19 of the North Carolina Constitution and under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff argued that his Fourteenth Amendment equal protection rights had been violated because WWS allegedly made racist remarks to Plaintiff over the phone. *Id.* at 5. Plaintiff alleged that his Eighth Amendment right against cruel and unusual punishment had been violated because WWS deprived Plaintiff of his vehicle, which resulted in Plaintiff losing his job. Plaintiff seeks $10,000 in compensatory damages, $30,000 in punitive damages, injunctive relief, and reimbursement for court costs. Compl. at 3 (docket no. 2).

## II. Discussion

Plaintiff seeks to proceed *in forma pauperis*. Accordingly, the court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.

*Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). Indeed, as the Fourth Circuit recently recognized, "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Finally, complaints by pro se litigants are to be liberally construed and are held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). It is not the responsibility of the court, however, to argue a pro se litigant's case for him, nor create one where one does not exist. *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

**Plaintiff's Section 1983 Claim against WWS**

To state a claim under Section 1983, a plaintiff must establish (1) that he was deprived of a right secured by the constitution or laws of the United States, and (2) that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Plaintiff claims that by confiscating his vehicle, WWS deprived him of his property under the Fifth and Fourteenth Amendments of the United States Constitution.[1] Plaintiff further alleges that WWS made racist remarks to him over the phone and therefore he was racially discriminated against in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. Finally, Plaintiff alleges that he lost his job because WWS deprived Plaintiff of his vehicle. Plaintiff claims that this amounted to a violation of his Eighth Amendment rights.

Here, Plaintiff's Section 1983 action, alleging the above-cited constitutional violations, fails because Plaintiff has not established that WWS acted under color of state law. To prove that a defendant acted under color of state law, "the person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615-16 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999)). In

---

[1] Plaintiff likewise alleges that his rights were violated under Article I section 19 of the North Carolina Constitution.

evaluating a private party's vulnerability to a civil rights suit under Section 1983, the court uses a "public function" test. The Fourth Circuit explained in *Rodriguez v. Smithfield Packing Co.* that it has previously ruled "that 'one of the paradigmatic means by which a private party becomes subject to section 1983 is through the government's conferral upon that party of what is, at core, sovereign power'–a power, in other words, that is 'traditionally the exclusive prerogative of the State.'" 338 F.3d 348, 354 (4th Cir. 2003) (quoting *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000)). Here, Plaintiff has simply not pled any facts to show that WWS was a state actor or that the actions of WWS were those traditionally within the exclusive purview of the state.

Plaintiff has also failed to show that WWS was acting as an agent for the state. Plaintiff has the burden to show that "'an agency relationship exists' between the Government and the private individual." *United States v. Day*, 591 F.3d 679, 683 (4th Cir. 2010) (holding that private security officers were not state actors in conducting a search and seizure of a citizen) (citing *United States v. Jarrett*, 338 F.3d 339, 344 (4th Cir. 2003)) (citations omitted). In finding an agency relationship, the question "'turns on the degree of the Government's participation in the private party's activities.'" *Id.* (quoting *Jarrett*, 338 F.3d at 344). The Fourth Circuit has "recognized 'two primary factors' to be considered: (1) 'whether the Government knew of and acquiesced in the private' individual's challenged conduct; and (2) 'whether the

6

private individual intended to assist law enforcement or had some other independent motivation.'" *Id.* (quoting *Jarrett*, 338 F.3d at 344).

In analyzing the first factor, the Fourth Circuit has "required evidence of more than mere knowledge and passive acquiescence by the Government before finding an agency relationship." *Jarrett*, 338 F.3d at 345. The court explicitly stated, "[p]assive acceptance by the Government is not enough." *Id.* at 346. Under the second factor of the agency test, even proving an intent to assist law enforcement "'would not transform a private action into a public action' absent a sufficient showing of Government knowledge and acquiescence under the first factor of the agency test." *Day*, 591 F.3d at 686 (quoting *United States v. Shahid*, 117 F.3d 322, 326 (1997)).

In sum, as Plaintiff has failed to allege any facts suggesting that WWS acted under color of state law and has failed to identify an agency relationship between WWS and the State, his Section 1983 claim against WWS alleging various constitutional violations fails as a matter of law.

**Plaintiff's Section 1983 Conspiracy Claim**

To state a claim for civil conspiracy under Section 1983, a party must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [Plaintiff's] deprivation of a constitutional right." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy fail to state a claim for relief. *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1007 (4th Cir. 1987). Rather,

7

Plaintiff must allege facts that would "reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle*, 81 F.3d at 421; *see also Twombly*, 550 U.S. at 556 (observing that stating a claim for conspiracy "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made"). Here, Plaintiff simply fails to allege any facts to show that Defendant WWS engaged in a conspiracy with a state actor for the purpose of stating a claim for conspiracy. As such, Plaintiff's conspiracy claim does not rise above the level of mere speculation and thus cannot serve as a basis for relief.

**Plaintiff's State Law Claims**

After dismissing all claims over which it has original jurisdiction, federal courts have wide discretion to decide whether to retain supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). In fact, the Supreme Court has recognized that where federal claims are dismissed early in an action, the court "ha[s] a powerful reason to choose not to continue to exercise jurisdiction" over the remaining state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). As Plaintiff's federal claims fail to state an avenue for relief, this court should decline to exercise jurisdiction over Plaintiff's intentional infliction of emotional distress claim and any other state law claims that he purports to allege in his complaint.

**III. Conclusion**

For the foregoing reasons, Plaintiff's IFP application is **GRANTED** for the limited purpose of entering this recommendation, the clerk is **DIRECTED** to file the complaint, and it is **RECOMMENDED** that Plaintiff's federal claims be dismissed as frivolous or for failure to state a claim. 28 U.S.C. § 1915(e)(2). It is further **RECOMMENDED** that the court dismiss Plaintiff's state law claims without prejudice to Plaintiff's right to file them in state court.

_____
WALLACE W. DIXON
United States Magistrate Judge

September 21, 2010